# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| THERESE A MCCURDY, <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, Acting Commission of Social Security, <br><br> Defendant. | CV-17-26-BU-BMM-JCL <br><br><br> **ORDER** |

Plaintiff Therese McCurdy filed a Complaint requesting a review of the Social Security Administration's decision to deny her disability benefits on May 2, 2017. (Doc. 1.) McCurdy filed a Motion for Summary Judgment on September 7, 2017. (Doc. 9.) Judge Lynch entered Findings and Recommendations in this matter on March 8, 2018. (Doc. 16.) Judge Lynch recommended that the Court affirm the Commissioner's decision to deny disability benefits. *Id.* at 19.

The Court's review of the Commissioner's decision is limited. The Court may set aside the Commissioner's decision only when the substantial evidence does not support the decision or the Commissioner based the decision on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

1

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

McCurdy alleges disability due to depression, anxiety, and low energy. (Doc. 16 at 1.) Judge Lynch determined that to establish a disability, a claimant must prove the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). The Commissioner follows a five-step sequential evaluation process to determine whether the claimant has proven the disability. 20 C.F.R. § 404.1520. The Administrative Law Judge ("ALJ") found McCurdy not disabled at step five because other jobs existed in the national economy that McCurdy could perform. McCurdy raises four issues on appeal.

**A. Medical Opinions**

McCurdy argues that the ALJ erred by discounting the opinion of her treating physician Dr. Dennis Salisbury, and improperly crediting the opinions of treating physician Dr. John Rogers, psychological expert Dr. Michael Enright, and

2

state agency mental consultant Dr. Marsha McFarland. (Doc. 16 at 6.) Judge Lynch determined that when conflicting medical opinions exist in the record, the ALJ must be charged with "determining credibility and resolving the conflict." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Judge Lynch correctly determined that the ALJ provided sufficiently specific and legitimate reasons, supported by substantial evidence, for having rejected Dr. Salisbury's opinions in favor of those provided by Dr. Rogers, Dr. Enright, and Dr. McFarland. (Doc. 16 at 12.) The ALJ properly examined Dr. Salisbury's opinions versus the medical records and found that the opinions were not supported by, or consistent, with Dr. Salisbury's notes and observations.

### B. Other Medical Sources

McCurdy next contends that the ALJ erred by not giving more weight to the opinion of her mental health counselor Jeffrey Watson. Id. at 12. Judge Lynch determined that Watson does not qualify as an acceptable medical source under 20 C.F.R. § 404.1413. Id. Information from sources such as Watson may provide insight into the severity of a claimant's impairments. *Id.* The ALJ can reject these sources, however, and need not cite the specific and legitimate reasons for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012). Judge Lynch correctly determined that the ALJ gave Watson's opinion little weight as it was not supported by the record as a whole. (Doc. 16 at 13.)

## C. Subjective Symptom Testimony

McCurdy argues that the ALJ did not provide sufficiently clear and convincing reasons for discounting her subjective symptom testimony. Judge Lynch determined that the ALJ must follow a two-step process when evaluating a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Step one requires the ALJ to determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* If the claimant meets this initial burden, step two allows the ALJ to discredit the claimant's subjective symptom testimony about the severity of his or her symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.*

The ALJ found that McCurdy met her initial burden of producing evidence that she has medically determinable impairments which could reasonably be expected to cause her alleged symptoms. The ALJ then found that McCurdy's subjective allegations did not align with the medical and other evidence in the record. Judge Lynch correctly determined that sufficient clear and convincing reasons existed for discounting McCurdy's subjective symptom testimony as McCurdy's treatment records showed fairly infrequent and routine doctor visits, with her anxiety and depression largely under control. (Doc. 16 at 17.)

**D. Lay Witnesses**

McCurdy further contends that ALJ failed to provide germane reasons for discounting third-party statements provided by her husband and former supervisor. Judge Lynch determined that an ALJ must consider lay witness testimony concerning a claimant's ability to work. *Stout v. Comm'r, Soc. Sec. Adm.*, 454 F.3d 1050, 1053 (9th Cir. 2006). If the ALJ provides clear and convincing reasons for rejecting the claimant's own subjective complaints, however, and the lay witness testimony remains similar to the claimant's complaints, then the reasons for discounting the claimant's testimony are also germane to the lay witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Any error in failing to discuss more specifically the lay testimony proves harmless. *Id.*

Judge Lynch correctly determined that the ALJ may give the statement from the former supervisor little weight in light of the evidence in the record. (Doc. 16 at 18.) Judge Lynch further correctly determined that the ALJ committed an error in not addressing the husband's testimony. *Id.* at 19. This error proves harmless in light of the ALJ having provided clear and convincing reasons for rejecting McCurdy's subjective complaints and the husband's testimony mirroring these complaints.

## CONCLUSION

The Court has reviewed for clear error Judge Lynch's Findings and Recommendations. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 16), are ADOPTED IN FULL.

**IT IS FURTHER ORDERED** that the Commissioner's decision be AFFIRMED.

DATED this 5th day of April, 2018.

Brian Morris
United States District Court Judge